IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES JOHNSON                                                                          PLAINTIFF
#12406

v.                              No. 3:23-cv-33-DPM

PATRICK WASHINGTON, C.I.D.
Det., Osceola Police Department;
RONNIE WILLIAMS, C.I.D., Det.,
Osceola Police Department; and
CHRISTION DEAN, Police Officer,
Osceola Police Department                                                          DEFENDANTS

ORDER

1.   Motion to proceed *in forma pauperis*, Doc. 1, granted. The Court assesses an initial partial fee of $1.58.  After the initial fee is collected, Johnson's custodian must collect monthly payments from his prison trust account each time the amount in the account exceeds $10.00.  These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  The payments forwarded on Johnson's behalf must be clearly identified by the case name and case number.

2. The Court directs the Clerk to send a copy of this Order to the Administrator of the Mississippi County Detention Center, 689 North County Rd. 599, Luxora, AR 72358.

3. The Court must screen Johnson's complaint. *Doc. 2*; 28 U.S.C. § 1915A. He says that defendants continually harassed him before arresting him on false charges. *Doc. 2 at 4–5*. He is awaiting trial in Mississippi County, Arkansas on aggravated assault, terroristic threatening, robbery, and kidnapping charges. *State v. Johnson*, 47OCR-21-328.

The Court must abstain from proceeding with Johnson's federal claims because his state case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Johnson may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510–13 (D. Kansas 1996). Further, Johnson hasn't alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). His claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

The Court directs the Clerk to stay and administratively terminate this case. Johnson can move to reopen this case after final disposition

of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Johnson doesn't file a timely motion to reopen or a status report by 15 March 2024, then the Court will reopen this case and dismiss it without prejudice.

  **4.** Johnson's motion to appoint counsel, *Doc. 3*, is denied without prejudice. The case is stayed. *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996).

  So Ordered.

*（signed）*
D.P. Marshall Jr.
United States District Judge

6 April 2023